Filed 1/23/23 P. v. Shorter CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092368 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F09113) |
| v. | OPINION ON TRANSFER |
| SHANNON SHORTER, | |
| Defendant and Appellant. | |

In 2013, defendant Shannon Shorter was ordered to serve a life sentence after a jury found him guilty of murder and other offenses based on his participation in a robbery. The jury found true a felony-murder special-circumstance allegation (a murder during a robbery).

After defendant's conviction, our Supreme Court issued two decisions providing substantial guidance on factors that must be considered by a jury in felony-murder special-circumstance sentencing enhancements. (*People v. Banks* (2015) 61 Cal.4th 788; *People v. Clark* (2016) 63 Cal.4th 522.) Specifically, *Banks* clarified the factors that

1

need to be considered in determining whether a defendant was a major participant in the underlying felony. (*Banks*, at pp. 797-804.) In *Clark*, the court clarified the factors that must be considered in determining whether a defendant acted with reckless indifference to human life. (*Clark*, at pp. 611-623.)

In 2019, defendant filed a petition seeking to vacate his murder conviction and to be resentenced under Penal Code[1] section 1172.6.[2] The trial court summarily denied defendant's petition, reasoning that the felony-murder special-circumstance finding rendered him ineligible for relief under section 1172.6 as a matter of law. In February 2022, we affirmed the trial court's order, and our Supreme Court granted review in April 2022. In August 2022, our Supreme Court held that a pre-*Banks/Clark* felony-murder special-circumstance finding does not render a section 1172.6 petitioner ineligible for relief as a matter of law. (*People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).) In November 2022, our Supreme Court transferred the matter to us, with directions to vacate our original decision and reconsider the matter in light of *Strong*. In supplemental briefing, the parties agree that, based on *Strong*, we must vacate the trial court's order and remand the matter for further proceedings not inconsistent with *Strong*. We conclude we must vacate the trial court's order denying the petition and remand the matter for further proceedings.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. Defendant filed his petition under former section 1170.95 but we will cite to the current section number throughout this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Defendant's Case

Given the nature of the instant appeal, a detailed recitation of the facts underlying defendant's convictions is unnecessary. In sum, defendant and two compatriots lured the victim to the home of one of the compatriots under the pretext of a marijuana transaction, tied him up, and beat him. They then drove the victim's car to his home, tied up the victim's wife, and stole marijuana plants. They then took the victim to a nearby spot and shot and killed him. The next day, the victim's car was burned.

A jury found defendant guilty of first degree murder (§ 187, subd. (a)), first degree robbery (§§ 211 & 213, subd. (a)(1)(A)), kidnapping (§ 207, subd. (a)), torture (§ 206), arson (§ 451, subd. (d)), and carjacking (§ 215). The jury also found true that defendant committed the murder while he was engaged in a robbery. (§ 190.2, subd. (a)(17).) In 2013, the trial court sentenced defendant to life without the possibility of parole plus 11 years 4 months in state prison. On appeal, we reversed the arson conviction and affirmed the judgment as modified. On remand, the trial court resentenced defendant to life without the possibility of parole plus 10 years 8 months in state prison.

### B. Defendant's Petition for Resentencing

In January 2019, defendant (with the assistance of counsel) filed a petition for resentencing pursuant to Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437). He attached a supporting brief, including exhibits of the information, abstract of judgment, and jury instructions given. Defendant argued that an information had been filed against him that allowed the prosecution to proceed under a theory of felony murder, that he was convicted of first degree murder under the felony-murder rule, and that he could not now be convicted of first degree murder based on the recent changes to sections 188 and 189. Citing *Banks* and noting he did not personally kill the victim, defendant argued the evidence was insufficient to establish he (1) was a major participant in the killing and (2) acted with reckless indifference to human life. The People opposed

3

defendant's motion, arguing he was ineligible for relief because he was convicted of special circumstance murder. In reply, defendant argued he was not ineligible because his trial took place before *Banks* and *Clark*, which changed the definitions of "reckless indifference" and "major participant."

In February 2020, the trial court denied defendant's petition and declined to issue an order to show cause, finding defendant had failed to show he fell within the provisions of section 1172.6. The trial court reasoned that, in finding the robbery-murder special circumstance to be true, the jury "necessarily found that [defendant] was either the actual killer, acted with intent to kill, or was a major participant in the underlying crime who acted with reckless indifference to human life. The jury was specifically instructed with [CALCRIM No. 703] that it must make such a finding before finding true the [robbery-murder special circumstance]." The trial court cited our recitation of the facts from defendant's prior appeal and noted that sections 187 and 189 "still provide for first degree murder based on robbery-murder, when the trier of fact has found that the defendant either was the actual killer, intended to kill, or was a major participant in the robbery who acted with reckless indifference to human life."

## DISCUSSION

A. Legal Background

Senate Bill 1437, which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely

4

on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [(defining first degree murder)] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added former section 1170.95, now section 1172.6, which allows those convicted of felony murder or murder under the natural and probable consequences theory to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6 subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

B. Analysis

As an initial matter, we reject defendant's contention that it was error for the trial court to rely on the record of conviction in reaching its decision, even though his own

5

petition brief included exhibits of the jury instructions, abstract of judgment, and information. As courts have explained, the trial court may consider the record of conviction in determining whether the petitioner has made a prima facie showing that they fall within the provisions of section 1172.6. (*Lewis, supra*, 11 Cal.5th at p. 971.)

We next consider defendant's contention that the trial court erred in determining he did not fall within the provisions of section 1172.6 given the jury's robbery-murder special-circumstance finding. In supplemental briefing, the parties agree *Strong* controls the outcome here.

In *Strong*, our Supreme Court held that when a defendant's case "was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong, supra*, 13 Cal.5th at p. 721.) "This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Id*. at p. 710.) The *Strong* court noted that the *Banks* and *Clark* cases "both substantially clarified the law governing findings under . . . section 190.2, subdivision (d)." (*Id*. at p. 706.)

Here, the jury made its special circumstance finding more than two years before *Banks* and *Clark*. Pursuant to *Strong*, that finding does not preclude defendant from stating a prima facie case for relief. (*Strong, supra*, 13 Cal.5th at p. 721.)

Defendant's resentencing petition was facially sufficient and alleged the essential facts necessary for relief under section 1172.6. Nothing in the record demonstrates defendant is ineligible for relief as a matter of law, so we must remand the matter for the trial court to issue an order to show cause and, to the extent necessary, conduct an evidentiary hearing. (§ 1172.6, subd. (d).) We express no opinion on the ultimate resolution of the petition.

## DISPOSITION

The trial court's order denying defendant's resentencing petition is vacated. On remand, the court is directed to issue an order to show cause and, to the extent necessary, hold an evidentiary hearing on the petition.


/s/
HOCH, J.*


We concur:


/s/
DUARTE, Acting P. J.


/s/
EARL, J.

---

* Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.